

# The Attorney General of Texas

August 5, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Margaret Moore
Travis County Attorney
P. O. Box 1748
Austin, Texas     78767

Opinion No.  MW-502

Re:   Construction of article 3836(a)(3), V.T.C.S.

Dear Ms. Moore:

You  ask  about  the  proper  construction  of  article  3836(a)(3), V.T.C.S., which provides the following in pertinent part:

> (a) <u>Personal   property</u>   (not   to   exceed   an aggregate  fair  market  value  of  $15,000  for  each single,   adult   person,   not   a   constituent   of   a family,   or  $30,000  for  a  family)  <u>is  exempt  from attachment,  execution  and  every  type  of  seizure for  the  satisfaction  of  liabilities,</u>  except  for encumbrances  properly  fixed  thereon,  <u>if  included among the following</u>:
>
> . . . .
>
> (3)  All  passenger  cars  and  light  trucks... that  are  not  held  or  used  for  production  of  income <u>or,</u>  whether  held  or  used  for  production  of  income or  not,  any  two  of  the  following  categories  of means  of  travel:   two  animals  from  the  following kinds  with  a  saddle  and  bridle  for  each:   horses, colts,   mules,   and   donkeys;   and   bicycle   or motorcycle;  a  wagon,  cart,  or  dray,  with  harness reasonably  necessary  for  its  use;  an  automobile  or station  wagon;  a  truck  cab;  a  truck  trailer;  a camper-truck;  a  truck;  a  pick-up  truck.  (Emphasis added).

You  have  suggested  two  possible  interpretations  of  subsection  (a)(3) and  wish  to  know  which  is  the  proper  one.   Under  one  view,  a  person claiming  an  exemption  from  forced  sale  for  debt  must  elect  under subsection  (a)(3)  to  exempt  <u>either</u>  "all  passenger  cars  and  light trucks...  that  are  not  used  for  production  of  income"  <u>or</u>  any  two  of the  categories  of  the  means  of  travel  listed  in  article  3836(a)(3). Under  the  alternative  interpretation,  one  may  claim  all  passenger  cars and  light  trucks  not  held  or  used  for  production  of  income  <u>in  addition</u>

to two of the categories of the means of travel there enumerated. Under this second interpretation, the underscored "or" in subsection (a)(3) would be construed to mean "and." The fundamental issue is whether the legislature intended the underscored "or" in subsection (a)(3) to mean "and." We reject this interpretation and conclude that a person claiming exemption from forced sale for debt under article 3836(a)(3) must, in effect, make an election.

Article 3836, V.T.C.S., was amended in 1973 to provide for exemption from forced sale, subject to aggregate dollar-amount limitations, certain categories of personal property, including "any two of the following categories of means of travel." The categories then enumerated are those presently found in subsection (a)(3). Acts 1973, 63rd Leg., ch. 588, at 1628. The legislature amended article 3836 in 1979 to read as it does now. See Acts 1979, 66th Leg., ch. 302, at 688 [hereinafter House Bill No. 1060].

The cardinal principle of statutory interpretation is to ascertain legislative intent. Minton v. Frank, 545 S.W.2d 442 (Tex. 1976). Each word of a statute is presumed to have been used for a purpose. Eddins-Walcher Butane Company v. Calvert, 298 S.W.2d 93 (Tex. 1957). The Texas Supreme Court set forth the test with respect to the proper construction of "and" and "or" in Board of Insurance Commissioners of Texas v. Guardian Life Insurance Company of Texas, 180 S.W.2d 906 (Tex. 1944), wherein they declared at 908:

> Ordinarily the words 'and' and 'or' are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature. Nevertheless, in order to effectuate the intention of the parties to an instrument, a testator, or a legislature, as the case may be, the word 'and' is sometimes construed to mean 'or.' This construction is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion; as where it must be done to effectuate the manifest intention of the user; and where not to do so would render the meaning ambiguous, or result in any absurdity; or would be tantamount to a refusal to correct a mistake. (Emphasis added).

See also Robinson v. Reliable Life Insurance Company, 569 S.W.2d 28 (Tex. 1978); Bayou Pipeline Corporation v. Railroad Commission of Texas, 568 S.W.2d 122 (Tex. 1978). There are no "strong reasons" which compel us to construe "or" to mean "and." Such a construction is unnecessary to effectuate the intent of the legislature or to prevent an ambiguity, absurdity, or mistake.

The 1979 amendment to article 3836 was part of House Bill No. 1060, which was passed to implement constitutional amendments adopted at the general election of 1978 affecting property tax.  One amendment to article VIII, section 1 of the constitution authorizes the legislature to "exempt all or part of the personal property homestead of a family or single adult, 'personal property homestead' meaning that personal property exempt by law from forced sale for debt, from ad valorem taxation."  In order to determine those items of personal property the legislature is empowered to exempt, one must turn to article XVI, section 49 of the constitution and, specifically, its implementing legislation, article 3836.  If the legislature sought, by legislation as opposed to constitutional amendment, to exempt from ad valorem taxation any items of personal property not enumerated in article 3836, it could permissibly do so only by first amending article 3836.  See Attorney General Opinion MW-351 (1982).  The legislature accomplished this very thing by its 1979 amendment to subsection (a)(3) of article 3836.  It subsequently passed implementing legislation which did exempt from ad valorem taxation passenger cars and light trucks not held or used for production of income.  See Property Tax Code §11.25.

Our examination of the legislative history of House Bill No. 1060 indicates that the purpose of the amendment was to ensure that personally-owned automobiles not held or used for production of income could be exempt from ad valorem taxation, see Report of House Study on House Bill No. 1060 at 95 (Nov. 10, 1980), rather than to enlarge the class of properties exempt from forced sale for debt.  There is no indication that the legislature was even concerned with the effect on the class of properties exempt from forced sale for debt which this amendment to article 3836 accomplished.  We conclude that "or" in subsection (a)(3) does mean "or."

### S U M M A R Y

A person claiming an exemption from forced sale for debt under article 3836(a)(3), V.T.C.S., must elect to exempt, subject to dollar amount limitations, either all passenger cars and light trucks as specified in the statute not held or used for production of income or any two categories of the means of travel specified in the statute whether held or used for production of income or not.

Very truly yours,

M A R K    W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Eva Loutzenhiser
Jim Moellinger